Dear Mr. Brumfield:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Morehouse Parish Police Jury, you have asked for our opinion as to whether the Morehouse Parish Police Jury can supplement its sales tax revenue with a user fee per residence and per business to offset the increase in costs of waste collection and disposal.
Your request indicates that Morehouse Parish Police Jury (Police Jury) currently collects a one-half cent sales tax, parish wide, dedicated to solid waste collection and disposal. From this revenue, the Police Jury provides garbage and trash collection from residences and businesses within the parish. Your request goes on to indicate that the Police Jury contracts with Waste Management, Inc. who charges a per residence and per business collection charge. Waste Management, Inc.'s charges have increased to the point where the sales tax no longer covers the expense of waste collection and disposal.
The Police Jury would like to supplement its current sales tax revenue with a user fee per residence and per business to offset the increase in costs. The fee would be paid to the Police Jury who would deposit the fee into the solid waste fund currently funded by the sales tax.
To answer your question, we must first look to the Louisiana Supreme Court's analysis of the distinction between a fee and a tax in AudubonInsurance Company v. Bernard, 434 So.2d 1072(La. 1983):
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. (citations omitted) In similar fashion, the police power may be exercised to *Page 2 
charge fees to persons receiving grants or benefits not shared by other members of society. (citations omitted) But if revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax. (citations omitted)
Similarly, in Safety Net For Abused Persons v. Segura, 96-1978 (La. 4/8/97), 692 So.2d 1038, the Louisiana Supreme Court stated:
 The nature of a charge is determined not by its title, but by its incidents, attributes and operational effect. Thus, the nature of a charge must be determined by its substance and realities, not its form . . .
 A charge that has as its primary purpose the raising of revenue, as opposed to the regulation of public order, is a tax. Moreover, a tax is a charge that is unrelated to or materially exceeds the special benefits conferred upon those assessed.
Our office has consistently applied this analysis. In Attorney General Opinion No. 04-0381 we opined that a documentary transaction tax or immovable property transaction fee imposed as "a means of defraying the cost of providing general parochial services to the citizens of Livingston Parish, such as police and fire protection, infrastructure, etc." was a tax, because its primary purpose was to raise parish revenues.
Similarly, in Attorney General Opinion No. 05-0282 we opined that a wastewater development impact fee established by West Baton Rouge Parish was a tax. The impact fee, which was to be imposed as a means of defraying the cost of providing general parochial services within West Baton Rouge Parish, specifically within the area(s) impacted by development, for services with respect to ". . . potable water, wastewater, stormwater, transportation, school and recreation impacts . . .", was a tax because its primary purpose was to raise parish revenues.
Based on the information provided, to our office, we are of the opinion that the contemplated user fee is properly classified a tax. It appears that the primary purpose of the user fee is to generate funds to offset the increase of the costs associated with waste collection and disposal. The fee would apply across the board indiscriminately on a per residence and per business basis. Thus, it appears that persons to whom the proposed fee will apply will receive benefits that are shared by all members of Morehouse Parish. For these reasons, the proposed fee would properly be classified as a tax, as opposed to a fee. *Page 3 
Accordingly, we are of the opinion that absent legislative action or electoral approval, the Police Jury may not impose a user fee per residence and per business to offset increase in the costs associated with waste collection and disposal. Such an increase constitutes an illegal tax.[1]
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt
[1] The power to tax is reserved for the legislature, except as otherwise provided by the Constitution, and a political subdivision or municipality may exercise its power of taxation only under authority granted by the legislature and/or the constitution. See Attorney General Opinion No. 05-0282.